E-FILED
Thursday, 18 October, 2012  09:35:59 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3070 |
| | ) | |
| TINA CHANEY ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Plaintiff United States of America's Motion to

Enter Judgment (d/e 17)(hereinafter the "Motion").  Pursuant to Federal Rule of

Civil Procedure 55, 28 U.S.C. § 2001, and for the reasons stated below, the Motion

is ALLOWED.  In connection with its decision, the Court has considered all of the

pleadings and evidence submitted to date.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and parties

pursuant to 28 U.S.C. §§ 1345 and 1391, respectively.  Defendant, Tina Chaney,

returned Waiver of Service of Summons on March 16, 2012, pursuant to Federal

Rule of Civil Procedure 4 and has acknowledged receipt of the complaint as shown

by the file in this case.   Defendant has acknowledged receipt of the Complaint

pursuant to Federal Rule of Civil Procedure 4.  Defendant has not voluntarily

appeared in these proceedings.

## II.  EVIDENTIARY FINDINGS

1. Defendant, Tina Chaney, executed a mortgage, attached as Exhibit A to

the Complaint, dated May 23, 2008, and on May 23, 2008, she executed a note

(attached to the complaint as Exhibit B), in the amount of $95,500.00 secured by

said mortgage.  The UNITED STATES OF AMERICA, acting through the RURAL

DEVELOPMENT, UNITED STATES DEPARTMENT OF AGRICULTURE, was

the mortgagee on said mortgage executed by Defendant as mortgagor.  Said

mortgage pertaining to the property described herein was recorded on May 27, 2008

as Document No. 200800053355, in the Office of the Logan County, Illinois,

Recorder.

2.  The material factual allegations stated in the Complaint have not been

denied in any responsive pleading.

3.  Plaintiff is the owner of the note and mortgage described in said

Complaint.

4.  Plaintiff moved that the court enter a Default Judgment of Foreclosure in

this cause and has filed with this Motion an Affidavit of Costs by Julie K. Wilson,

Acting State Director, Rural Development.  The Motion and Affidavit stated that as

of October 1, 2012,  Plaintiff was owed (via a Note and Mortgage hereinafter described) the sum of $105,719.14,  plus a daily per diem accrual of $14.7599 thereafter to the date of judgment.  No objection was made to the Motion or Affidavit.  Therefore, the Court allows the Motion and admits the Affidavit into evidence in this cause.

5.  There are no persons with potential claims to an interest in the above-described property, but who are now foreclosed from asserting their claim, if any, because of their default in this action.

6.  All of the material allegations contained in the Complaint are true and by virtue of the mortgage and indebtedness thereby secured, the plaintiff, UNITED STATES OF AMERICA, has a valid and subsisting lien arising out of a real estate mortgage on the property described as follows:

> Common Address:  419 South Kickapoo, Lincoln, Illinois
>
> Legal Description:
>
> Lot 11 and the Southwest Half of Lot 12 in Block 26 in the original town, now City of Lincoln, Logan County, Illinois, except the underlying coal and the right to mine and remove the same
>
> PIN No. 54-08-210-268-00

7.  By virtue of the mortgage and the indebtedness thereby secured, as

alleged in the Complaint, there is due the Plaintiff, UNITED STATES OF

AMERICA, as follows:

    a)  For its own use and benefit for the costs of this suit and for:

        U.S. Attorney's Docket Fee . . . . . . . . . . . . . . . . . . . . . . . . . . $350.00

        U.S. Marshals' Costs for Service of Summons . . . . . . . . . . . $270.60

        Recording Notice of a Suit to Foreclose Mortgage  . . . . . . . . $40.00

                Total  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $660.60

    b)  Unpaid principal and interest:

        Unpaid principal balance  . . . . . . . . . . . . . . . . . . . . $83,974.28

        Accrued interest at $14.7599 per day
        due and unpaid as of 10/1/12  . . . . . . . . . . . . . . . . . . $8,627.45

        Subsidy Assistance . . . . . . . . . . . . . . . . . . . . . . . . . . $6,400.32

        Late Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $53.07

        Interest on Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $190.04

        Fees Assessed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,813.38

           Total amount due Plaintiff as of 10/1/12,
           exclusive of foreclosure costs  . . . . . . . . . $105,719.14

    c)  In addition, Plaintiff may be compelled to advance various sums
of money in payment of costs, fees, expenses and disbursements
incurred in connection with the foreclosure, including, without
limiting the generality of the foregoing, filing fees, stenographer's
fees, witness fees, costs of publication, costs of procuring and
preparing documentary evidence and costs of procuring abstracts of

title, certificates, foreclosure minutes, a title insurance policy and fees, charges, and expenses provided by law incurred by or owing to the United States Marshal, including such fees and expenses relating to conducting of the judicial sale as required by this judgment of foreclosure.

d)  Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and Plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate, from the date on which such advances are made.

e)  In order to protect the lien of the mortgage, Plaintiff may necessarily have to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

f)  In order to protect and preserve the mortgaged real estate, Plaintiff may have to make such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof.

g)  Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

8.  The present owner of the above-described real estate is: Tina Chaney

9.  Logan County, Illinois, has a valid lien on the above-described property for taxes for the years 2011 and 2012 and the property will be sold subject to the interest of Logan County, resulting from taxes, general or special, which are a valid lien against the above-described property.

10.  Plaintiff is entitled to a shortened redemption period for the following reasons:  (i) the value of the mortgaged real estate as of this date is less than ninety percent (90%) of the amount specified pursuant to the Code of Civil Procedure, 735 ILCS 5/15-1603(d); and (ii) the mortgagee waives any and all rights to a personal judgment for a deficiency against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

11.  By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by Plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the mortgage.

12.  Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

13.  Any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

14.  All lien or mortgage claimants defaulted are found and declared to have no interest in the real estate foreclosed, as they have offered no evidence of said interest.

15. Said real estate is free and clear of all liens and encumbrances except:

    a) General real estate taxes for the years 2011 and 2012 and thereafter and special assessments, if any.

    b) Said mortgage given to Plaintiff.

    c) Easements and restrictions of record.

16. Plaintiff's mortgage is prior and superior to all other mortgages, claims of interest and liens upon the real estate except for real estate taxes and special assessments, if any, and except for any mortgages or liens found herein to be prior and superior to Plaintiff's mortgage or prior liens of non-parties.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

### III. <u>ORDER UPON DEEMED REQUEST FOR FORECLOSURE</u>

1. An accounting has been taken under the direction of the court of the amounts due and owing to Plaintiff as declared herein.

2. Defendant is ordered to pay to Plaintiff before expiration of any redemption period (or, if no redemption period, within seven days after the date of this judgment) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage or by law).

3. In default of such payment in accordance with this judgment, the

mortgaged real estate shall be sold as directed by the Court, to satisfy the amount due to Plaintiff as set forth in this judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment.

4.  In the event Plaintiff is a purchaser of the mortgaged real estate at such sale, Plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for the foreclosure and order confirming the sale.

5.  In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the defendants made parties to the foreclosure in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

6.  If no redemption is made prior to such sale, a deed shall be issued to the purchaser  according to law and such purchaser shall be let into possession of the mortgaged real estate in accordance with statutory provisions.

## IV.  ORDER UPON SPECIAL MATTERS

1.  Exceptions to which title in the real estate shall be subject at the sale shall include general real estate taxes for the current year and for the preceding

year which have not become due and payable as of the date of this judgment and

any special assessments upon the real estate and easements and restrictions of

record.

2.  In the event any party to this foreclosure is a successful bidder at the

sale, such party may offset against the purchase price to be paid for such real

estate all amounts due such party under this judgment of foreclosure or the order

confirming the sale.

3.  Said property is being sold at this judicial sale "AS IS" WITHOUT

ANY WARRANTIES OF HABITABILITY OR ANY OTHER WARRANTIES,

EITHER EXPRESS OR IMPLIED.

## V.  ORDER FOR JUDICIAL SALE

1.  The real estate is ordered sold in accordance with the statutory provision

by the U. S. Marshal or his representative.

2.  Upon expiration of the redemption period, the real estate shall be sold by

the U. S. Marshal for the Central District of Illinois at the front door of the Logan

County Courthouse in the City of Lincoln, Illinois.  The sale will occur at the time

announced by the U.S. Marshal as provided below.  Further, the sale will be

subject to easements and restrictions of record and taxes, general or special, due

and owing to Logan County, Illinois, in addition to the real estate transfer tax (35

ILCS 200/31-1, et. seq.), which shall be paid by buyer.  Said property shall be sold

to the highest bidder who shall pay ten percent (10%) of the bid purchase price at

the time and place of sale by Cashier's/Official Bank Check or Money Order made

payable to the U.S. Marshals Service, tendered to the U.S. Marshal conducting the

sale.  The balance of the bid purchase price shall be paid by Cashier's/Official

Bank Check or Money Order made payable to U.S. Marshals Service, to be

received by the United States Marshal at 100 N.E. Monroe, Peoria, Illinois 61601

within thirty (30) days from the date of sale.  If the balance is not received within

said time period, the ten percent (10%) payment made at time of sale shall be

forfeited to the United States, the sale shall be void, and a new sale shall be

scheduled by the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the U.S.

Marshal for the Central District of Illinois give public notice of the sale as

follows:

a)  The notice of sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:

i)  The name, address and telephone number of the person to contact for information regarding the real estate;

ii)  The common address and other common description (other than legal description), if any, of the real estate;

iii)  A legal description of the real estate sufficient to identify it with reasonable certainty;

iv)  A description of the improvements on the real estate;

v)  That the real estate may be inspected prior to sale upon making reasonable arrangements with the person identified in paragraph i above;

vi)  The time and place of the sale;

vii)  The terms of the sale;

viii)  The case title, case number and the court in which the foreclosure was filed; and

ix)  No other information is required.

b)  The notice of sale shall be published at least four consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by:

i)  An advertisement in a newspaper regularly issued and of general circulation to the general public in the county in which the real estate is located in the section of that newspaper where legal notices are commonly placed; and

ii)  No other publication shall be required.

c)  The party who gives notice of public sale shall also give notice to all other parties in the action who have not already been found by the Court to be in default for failure to plead.  Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days not less than seven days prior to the day of sale.  After notice is given as required in this section, a copy thereof shall be filed in the Office of

the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this section.

d)  The party who gives notice of a public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need be given only once, not less than 5 days prior to the day of the adjourned sale.

e)  Notice of the sale may be given prior to the expiration of the redemption period.

f)  No other notice by publication or posting shall be necessary.

g)  The person named in the notice of sale to be contacted for information about the real estate shall not be required to provide additional information other than that set forth in the notice of sale.

3.  Division of Property.  If the real estate is susceptible of division, the person conducting the sale may order it to be sold as necessary to satisfy this judgment.  The person conducting the sale shall determine which real estate shall be sold, and the person conducting the sale may determine the order in which separate tracts may be sold.

4.  Certificate of Sale.  Upon the sale of mortgaged real estate, the person conducting the sale shall give a certificate of sale to the purchaser and cause such certificate of sale to be recorded.  The certificate shall be freely assignable by endorsement thereon.

## VI.  **TRANSFER OF TITLE**

1.  Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title.  The deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and a recital in the deed of the title or authority of the person signing the deed as grantor of authority pursuant to this judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

2.  Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

## VII.  APPLICATION OF PROCEEDS

The proceeds resulting from the sale ordered herein shall be applied in the following order:

1.  The reasonable expenses of sale including but not limited to costs of publication, notice of said sale, expenses, fees, and commissions incurred by or

owing to the U.S. Marshal pursuant to law;

2.  The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, management fees, and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, payments made pursuant to Illinois Compiled Statutes, Ch. 735, Section 5/15-1505, and other legal expenses incurred by the mortgagee;

3.  Satisfaction of claims in the order of priority adjudicated in this judgment of foreclosure; and

4.  Remittance of any surplus to the mortgagor or as otherwise directed by the court.

## VIII.  <u>REDEMPTION - RESIDENTIAL</u>

1.  Only the owner of redemption may redeem from this foreclosure, and such owner of redemption may redeem only during the redemption period specified herein.

2.  In this foreclosure of a mortgage of residential real estate, the court finds that  (i) the value of the mortgaged real estate as of this date is less than ninety percent (90%) of the amount specified pursuant to the ILCS 735 5/15-1603(d); and (ii) the mortgagee waives any and all rights to a personal judgment for a

deficiency against the mortgagor(s) and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

3.  This is a foreclosure of a mortgage of residential real estate.

4.  The amount required to redeem shall consist of the Total Balance Due as declared above plus interest thereon at the statutory rate hereafter and all additional costs and other expenses allowed by the Court.

5.  If the purchaser at the judicial sale of residential real estate is a mortgagee who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS 5/15-1603(d), an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed, by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

## IX.  OTHER MATTERS

1. Possession of Mortgaged Real Estate:

A. Unless the mortgagor's right to possess this foreclosed residential real estate is or has been terminated, the mortgagor (homeowner) has the right to possess the foreclosed premises in accordance with Section 15-1701(c) of the Illinois Mortgage Foreclosure Law.

B. Unless sooner ordered to vacate the premises, the mortgagor and all persons claiming a possessory right to said mortgaged premises through said mortgagor shall peaceably remove themselves and all of their possessions from the mortgaged premises in compliance with 735 ILCS 5/15-1701 on the 31st day after the judicial sale of this mortgaged property has been approved.

C. If any persons referenced in the above subparagraph remain on said premises on or after the 31st day of the approval of the judicial sale of this mortgaged real estate, the U.S. Marshal is hereby directed as soon as practicable thereafter to use any and all necessary reasonable force to enter the above described mortgaged premises, including any outbuildings and vehicles located thereon and to remove all occupants located thereon, who are present on the premises and refuse to vacate immediately and voluntarily at the U.S. Marshal's direction.  Additionally, any and all personal property left on the mortgaged premises by Defendant mortgagor and/or any and all other persons having left said property, is hereby declared forfeited to the United States.  If the U.S. Marshal determines that the above-described personal property is without value or of *di minimus* value that would neither exceed nor equal the costs of notice, storage, and sale, the U.S. Marshal may leave the personal property, at his discretion, on the premises for the purchaser of this real estate to claim, or dispose of, at will.

Upon taking possession and custody of the premises, and removing all occupants who are unauthorized to remain on the premises, the U.S. Marshal is then directed to remit possession and custody of the premises to the purchaser of said property at the sale judicially approved by this Court.

2. Report of Sale. The person conducting the sale shall file a report of sale with the Clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof.

3. Homestead Waiver. Defendant-mortgagors waived their right to homestead or other exemptions in said real estate in the body of said mortgage, which was duly signed and acknowledged, and said defendant-mortgagors are therefore barred from claiming any right to homestead or other exemptions in said real estate.

AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that there is no just reason for delaying the enforcement of this judgment, or an appeal therefrom.

ENTERED: October 17, 2012

FOR THE COURT:                          s/ Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE